Argued and submitted December 23, 1988, reversed and remanded for reconsideration
April 5, 1989

## ROBERT GUINN,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(A3-88-269; CA A48188)

771 P2d 287

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner, an inmate in the Oregon State Penitentiary, seeks review of a final order of the Superintendent that placed him in disciplinary segregation until he complied with an order to enter administrative segregation.[1] We conclude that imposing a potentially unlimited confinement in disciplinary segregation is unauthorized and, therefore, reverse and remand.

The facts are not in dispute. On his final day in disciplinary segregation for a disciplinary violation, petitioner refused to enter the administrative segregation unit voluntarily. A misconduct report was immediately filed that alleged that he had failed to comply with a valid order. That evening, petitioner received notification that a hearing concerning the misconduct report would be held the following day. When he did not appear at the hearing, the Disciplinary Committee ruled that his non-appearance constituted a waiver of his right to at least 24 hours' notice of the hearing and his right to present evidence. The committee, after accepting the misconduct report, found that petitioner had refused to comply with a valid order and that he had continued to refuse to comply with the order. It therefore held that he had violated Disciplinary Rule 10,[2] and the committee recommended that he

"be retained in [the Disciplinary Segregation Unit] until such time that he complies with the order."

The Superintendent approved the committee's findings and recommendations.

Petitioner contends that the committee lacked authority to place him in disciplinary segregation for an indefinite period. A period of confinement in disciplinary segregation must be set in accordance with OAR 291-105-053, which lists only discrete periods of time for which an inmate may be confined. It does not explicitly or implicitly allow confinement

---

[1] In a separate review we upheld the order requiring petitioner to enter administrative segregation. *Guinn v. OSP*, 94 Or App 575, 767 P2d 934 (1989).

[2] Disciplinary Rule 10 provides:

"No inmate shall fail to promptly or in a timely manner comply with valid orders of staff members. An order includes written, verbal, or gestured communication which directs or forbids the doing of some act over which the inmate has control." OAR 291-105-015(10).

for an indefinite period. The Superintendent therefore erred in adopting the committee's recommended unlimited confinement.[3]

Reversed and remanded for reconsideration.

---

[3] Petitioner also argued that the committee erred in finding that his non-appearance was a waiver of his administrative right to 24 hours' notice. OAR 291-105-056(3)(a). We need not address that issue or his other contentions because we held that the sanction was unauthorized.